## CLOSE *vs.* STUART.

When an erroneous judgment is recovered, and the amount thereof *collected*, and such judgment is subsequently reversed for defect of form merely, and restitution and costs of reversal awarded to the defendant in the original judgment, such defendant cannot plead the payment made by him on the erroneous judgment in bar to a second suit for the original cause of action.

On reversal in the court for the correction of errors of a judgment of the supreme court, rendered on a judgment removed into that court from the common pleas, such judgment is given as ought to have been given in the supreme court.

ERROR from the supreme court. Close sued Stuart in a justice's court, and declared against him in assumpsit. The defendant pleaded the general issue and a former suit for the same cause of action, judgment rendered in favor of the plaintiff, and the amount collected and paid. The plaintiff replied that the judgment set forth in the plea had been reversed on certiorari sued out by the defendant, who rejoined that no money had been collected by him on the reversal of the judgment; to which rejoinder the plaintiff demurred, and the defendant joined in demurrer. The cause was tried by a jury in the justice's court, who gave a verdict for the plaintiff for $26, 23, on which judgment was entered by the justice. The defendant appealed to the Broome common pleas, and on the trial in that court it was proved that on the joining of the issue before the justice it was admitted by the parties that the defendant had paid the amount of the judgment originally recovered against him; that such judgment was subsequently reversed by the supreme court upon certiorari, and that neither the damages allowed by way of restitution or the costs of such reversal had been paid by the plaintiff (Close;) and further, that no payment of the plaintiff's demand was urged by the defendant (Stuart) other than the payment of the first judgment. The court charged the jury that the plaintiff was entitled to recover; to which charge the defendant excepted. The jury found for the plaintiff, and judgment was entered accordingly. The defendant sued out a writ of error to the supreme court, in which court the judgment of the

common pleas was reversed; the chief justice dissenting. The costs of reversal amount to $86,53; whereupon Close sued out a writ of error to this court. See opinion delivered in the supreme court by Woodworth, J. in 1 Wendell's R. 438.

The cause was argued here by

*S. P. Staples*, for the plaintiff in error.

*B. F. Buttler*, for the defendant in error.

The following opinion was delivered:

By the CHANCELLOR, This cause originally was commenced in a justice's court, and was then of very little importance. If judgment had been given there for the defendant on the demurrer, perhaps no injustice would have been done, although that judgment might have been technically wrong. The only question then, was, whether the defendant should plead the former proceedings in bar of the plaintiff's demand, or off set the amount to which he was entitled on the reversal upon certiorari of the former judgment. If the defendant had obtained the full benefit of the money which the adverse party was bound to refund, by an offset in fact, though pleaded as a bar, it is certain the supreme court would not have permitted him again to collect it on his judgment; and perhaps it might have been a defence to a suit brought against Close, founded on the judgment of reversal, to recover back that amount.

But if the decisions of the justice and the court of common pleas were technically right, positive injustice has been done to the plaintiff in error by the reversal of the judgment in the common pleas. He has lost the costs to which he was legally entitled by the judgment of the common pleas, and has also been subjected to $86,53 costs on the reversal of his judgment by the supreme court, in addition to the costs of his own attorney in that court. Besides, an important principle is involved in the decision which this court is now about to make. Although a wrong decision on this question by the justice might not have produced any practical injury

to these parties, yet an erroneous decision by this court of the same question may be productive of great injustice in other cases depending on the same principle. I have therefore thought it my duty to give this cause a more deliberate examination than the original amount in controversy between the parties would have justified.

The supreme court has in this case, in effect, decided that where an erroneous judgment is recovered, and the amount thereof collected, and that judgment is afterwards reversed for defect of form merely, and restitution is awarded, it is still a bar to any other suit for the same cause if the plaintiff in error elects not to proceed on his judgment of restitution; and that he may make such election after a new suit commenced against him, and may plead the same as a bar to the action generally.

To test the correctness of this principle, it may be necessary to apply it to a different state of facts. Suppose the recovery had been upon a demand which was nearly barred by the statute of limitations, and after the reversal of the judgment for some informality, the plaintiff in error chose to wait until the statute had actually run on that demand before he attempted to enforce his judgment of restitution; if he should then proceed thereon and recover back the money, how could the defendant in error prevent the loss of his original demand? But if the original plaintiff is permitted to bring a new action within the time limited for that purpose, the adverse party may off set whatever is due to him on the judgment of restitution, and no injustice will be done to either. If the original demand was for more than the actual amount due on the judgment for restitution and costs, the plaintiff will be entitled to the balance; if for less, the adverse party will have a balance certified in his favor. The plaintiff in error may also adopt another course and recover back his money by execution on his judgment. The principle adopted by the supreme court would be equally unjust as against the original plaintiff in an action for slander, or any other tort, where the damages are wholly uncertain. In such cases, if the judgment is reversed on a question of law which does not go to the whole cause of action, the party

injured has the right, in a new suit, to the chance of better damages than were given to him by the former jury. But the application of the principle which has been adopted by a majority of the judges of the supreme court in this case would enable the adverse party to deprive him of that right. In such a suit there could be no off set, but the party might collect his money on the judgment of restitution; or if the adverse party was insolvent, he might wait and apply to have one judgment set off against the other under an order of the court, or by an application to the court of chancery.

I perfectly agree with the chief justice, who did not concur in the judgment of the supreme court, that the reversal of a judgment, when it is not a technical bar to another suit, places both parties in *statu quo*, except as to the costs in the first suit, and the restitution of the money which had been collected. The right of the plaintiff to the costs in error, and to a return of the money, becomes perfect by the reversal of the judgment, whatever may be the result of the further litigation between the parties in a new suit. The only alteration of their rights in the new suit is, that the time fixed by the statute of limitations is extended to one year after the judgment of reversal, so that the defendant in error may bring a new suit within the year, although the usual time limited by the statute had expired before the judgment of reversal. Whether that extension of time is given on the reversal of a judgment by certiorari, is a question which has no application to this case, as the statute of limitations was not pleaded, neither had the six years expired when the new suit was brought.

I know of no principle which can authorize one party, without the consent of another, to consider that a payment which neither party originally intended as such. The money collected of Stuart was received in payment of the *judgment*, and not in payment of the *original indebtedness*. That Stuart did not elect to consider the money as a payment of the original debt, is evident from the fact that he denied the original indebtedness and went to trial on that issue. If the jury had found a verdict in his favor on the question of fact,

he would undoubtedly have enforced his judgment of resti-
tution, notwithstanding his special plea.

I think the judgment of the supreme court is erroneous,
and that it should be reversed, with costs: and that this
court, proceeding to give such judgment as that court ought
to have given, should direct that the judgment of the court
of common pleas be affirmed, and that the present plain-
tiff in error recover such costs and interest as he would have
been entitled to on an affirmance of his judgment by the su-
preme court.

If there is any thing in the situation of either party which
makes it desirable to the other to off set the amount due on
the judgment upon the certiorari against the judgment here,
the supreme court is perfectly competent to give such relief,
on a proper application for that purpose.

Mr. Senator BENTON also delivered an opinion for reversal
of the judgment of the supreme court.

Mr. Senator STEBBINS was for affirming the judgment of
the supreme court, being of opinion that the plea interposed
before the justice by the defendant in error ought to be con-
sidered in the nature of a plea of set off, and that within the
liberal rules established as to pleadings in justices' courts, it
ought to be held sufficient.

On the final question, shall the judgment of the supreme
court be affirmed or reversed? the members of the court
ranged themselves as follows:

*For affirmance*—Senators HUBBARD, M'CARTY, MC'LEAN,
REXFORD, STEBBINS and TODD.

*For reversal*—The CHANCELLOR, Senators E. B. ALLEN,
S. ALLEN, BENTON, BOUGHTON, HAGER, MATHER, McMAR-
TIN, OLIVER, SANDFORD, THROOP, and WARREN.

Whereupon the judgment of the supreme court was *re-
versed*, with costs.