# N. Y. SUPERIOR COURT.

## CLARK B. WHEELER, respondent agt. ELISHA RUCKMAN, impleaded, &c., appellant.

Where a *complaint* in an action is *dismissed* before the issues have been tried or a verdict of the jury given, the judgment of dismissal is no bar to a subsequent action for the same cause.

And where a *complaint is dismissed for want of proper parties*, the judgment thereon not being on the merits, is no bar to a subsequent action for the same cause.

A copy of a *case* used on an appeal from a judgment upon a former trial in this action, alleged to be in plaintiff's handwriting, offered in evidence for the purpose of showing a different statement by the plaintiff from that made on the present trial, is not admissible.

The case itself is no evidence of what took place on the former trial; and that it was in the plaintiff's handwriting is of no consequence.

Where the jury pass upon the question of the proper transfer to the plaintiff, on a certain day, of a promissory note in suit, such finding fully defeats any claim in attachment proceedings had against the prior owner of such note, after the date of such transfer.

If a defendant intends to rely upon the defense that the plaintiff purchased the promissory note sued on for the purposes of prosecution, as a practicing attorney, he must set up such defense in his answer, in order to give evidence of such fact upon the trial.

*General Term,* 1868; *heard June* 1, 1868; *decided July* 3*d*, 1868.

*Before* ROBERTSON, *Ch. J.,* McCUNN *and* JONES, *Justices.*

APPEAL by defendant from a judgment in favor of the plaintiff.

The facts will sufficiently appear in the opinion of the court.

J. C. DIMMICK, *for defendant, appellant, Ruckman.*

CLARK B. WHEELER, *attorney in person, and* C. P. SHERMERHORN, *counsel for plaintiff, respondent.*

I. This cause having been tried by a jury, their findings must be deemed final and conclusive as to the facts; and on an appeal from the judgment thereon, none but questions of law can be discussed or reviewed. (*Code,* § 348 ; *Bulkeley* agt. *Keteltas,* 4 *Sandf.* 450, *G. T.; Brown* agt. *Richardson,* 1 *Bosw.* 402, *G. T.; Rider* agt. *The Union Insurance Co.* 4 *Bosw.* 169, *G. T.; Anthony* agt. *Smith,* 4 *Bosw.* 503, *G. T.; Clark* agt. *Ward,* 4 *Duer,* 206 ; *Marquart* agt. *La Farge,* 5 *Duer,* 559, *G. T.; Stettner* agt. *Granite Ins. Co.,* 5 *Duer,* 594, *G. T.; Ogden* agt. *Coddington,* 2 *E. D. Smith*

317, *G. T.; Keyes* agt. *Develin*, 3 *E. D. Smith*, 518, *G. T.; Hotchkiss* agt. *Hodge*, 38 *Barb.* 118; *Laback* agt. *Hotchkiss*, 17 *Abb.* 88; *Benedict* agt. *N. Y. R. Co.* 8 *N. Y. Legal Observer*, 168, *G. T.*)

" In the classes of cases before a referee, and before the court, power is expressly given to the general term by the sections quoted to review the questions of fact; but when the trial is before a jury, no such power is given and none exists." (*Parker* agt. *Jervis*, 34 *How.* 254, *Court of Appeals*.)

II. There are 29 exceptions taken by the appellant, but not one of them are available, because not sufficiently explicit, or because it was not taken to the decision of questions of law properly brought to the notice of the court at the trial, or because the comments of the judge at the trial are not the subject of an exception, or because he is not bound to charge the jury at all, and if he does, he is only bound to charge them correctly as far as he goes, or because no good reasons are given for each exception. (*Caldwell* agt. *Murphy*, 1 *Kern.* 416; *Dunckel* agt. *Wiles*, 1 *Kern.* 420; *Oldfield* agt. *Railroad Company*, 4 *Kern.* 310; *Magie* agt. *Baker*, 4 *Kern.* 435; *Dyckman* agt. *Mayor, &c.*, 1 *Seld. on pp.* 441 *and* 2; *Haggart* agt. *Morgan*, 1 *Seldon*, 422; *Jones* agt. *Osgood*, 2 *Seld.* 233; *Hunt* agt. *Maybee*, 3 *Seld.* 266; *Hart* agt. *Railroad Company*, 4 *Seld.* 37; *Howland* agt. *Willets*, 5 *Seld.* 170; *Winchill* agt. *Hicks*, 18 *N. Y. R. on p.* 565, *and cases cited; Walsh* agt. *W. Ins. Co.* 32 *N. Y. R. on p.* 440, *Haupt* agt. *Pohlman*, 1 *Robt.* 121; *People* agt. *Bransby*, 32 *N. Y. R.* 525; *Chamberlain* agt. *Pratt*, 33 *N. Y. R.* 47; *Newell* agt. *Doty*, 33 *N. Y. R.* 83; *Buck* agt. *Remsen*, 34 *N. Y. R.* 383; *Lyon* agt. *Mitchell*, 36 *N. Y. R. on p.* 683; *Mayor* agt. *Ex Fire Ins. Co.* 9 *Bosw.* 425, *G. T.; Varnum* agt. *Taylor*, 10 *Bosw.* 148, *G. T.; O'Hara* agt. *Brophy*, 24 *How. on p.* 382, *G. T.; Pettit* agt. *Ide*, 12 *Abb.* 44, *G. T.; Meyer* agt. *Goodell*, 31 *Howard*, 456; *Powell* agt. *Jones*, 42 *Barb.* 24, *G. T.; Walsh* agt. *Kelley*, 42 *Barb.* 98, *G. T.; Maybee* agt. *Fisk*, 326, *G. T.*)

III. The rule is uniform, that the court will not grant a new trial where the evidence is conflicting, or where it is seen that the facts proved are deemed by the jury conclusive of the case. Although errors may have been committed, yet, if the court is satisfied that justice has been substantially done, a new trial will not be granted. (*Lewis* agt. *Blake*, 10 *Bosw.* 198, *G. T.; Coddington* agt. *Carnley*, 2 *Hilton*, 528, *and cases cited; Brower* agt. *Bowen*, 30 *N. Y. R.* 519, 542; *Hoagland* agt. *Wright*, 7 *Bosw.* 394; *Murphy* agt. *Boker*, 3 *Robt. p.* 1; *H. & N. H. Co.* agt. *N. Y. & H. Co.* 3 *Robt* 411; *Ball* agt. *Loomis*, 29 *N. Y. R.* 412.)

IV. The evidence offered by the appellant and ruled out was properly excluded. (*Berry* agt. *Mayhew*, 1 *Daly*, 54, *G. T.; Mackey* agt. *N. Y. Cen. R. R. Co.* 27 *Barb* 528, *G. T.; Williams* agt. *Vanderbilt*, 29 *Barb. on p.* 504, *G. T.; Fleming* agt. *Smith*, 44 *Barb.* 554, *G. T.*)

V. A new trial will not be granted on the ground that a nonsuit was refused when the plaintiff rested, on insufficient evidence, if the necessary proof, satisfactory to the jury, was afterwards supplied. (*Artisans' Bank* agt. *Backus*, 31 *Howard*, 242, *G. T.; S. and S. Plankroad Co.* agt. *Thatcher*, 1 *Kern. on p.* 112; *Lansing* agt. *Van Alstyne*, 2 *Wend.* 561; *Briedert* agt. *Vincent*, 1 *E. D. Smith*, 542, *G. T.; Morrison* agt. *N. Y. &c. Railroad Co.* 32 *Barb.* 568, *G. T.; Morange* agt. *Morris*, 32 *Barb.* 650, *G. T.*)

VI. The papers from the marine court were properly excluded, because the general term, in this cause, had virtually directed it to be done, and because a defendant cannot give evidence of any fact not specifically and specially set up in his answer. Each item of defense must be specifically pleaded. The general issue (or general denial) is abolished. Production of the note upon the trial was sufficient evidence of title and ownership, until the contrary was shown by the appellant; and this question, too, was passed upon by the jury, (*Code*, § 149; *Wheeler* agt. *Ruckman*, 1

---

Wheeler agt. Ruckman.

---

*Robt.* 408, *G. T.; James* agt. *Chalmers,* 2 *Seld.* 209; *Bailey* agt. *Ryder,* 1 *Seld. Notes, p.* 15; *Kelsey* agt. *Weston,* 2 *Comst.* 501, *see p.* 506; *Codd* agt. *Rathbone,* 19 *N. Y. R.* 37, *see p.* 39; *Brazil* agt. *Isham,* 2 *Kern.* 9, *see p.* 17; *McKyring* agt. *Bull,* 16 *N. Y. R.* 297, *see pp.* 307-8-9; *Diefendorf* agt. *Gage,* 7 *Barb.* 18, *see p.* 20; *Baker* agt. *Bailey,* 16 *Barb.* 54, *see p.* 57; *McMillan* agt. *S. Railroad Co.* 20 *Barb, on p.* 454; *Travis* agt. *Berger,* 24 *Barb.* 611, *G. T.; Button* agt. *McCauley,* 38 *Barb.* 413, *G. T.; Gould* agt. *Ellery,* 39 *Barb.* 163, *G. T.; Skinner* agt. *Stuart,* 39 *Barb.* 206, *G. T.; Toland.* agt. *Johnson,* 16 *Abb.* 235, *see pp.* 239, 240; *Potter* agt. *Chadsey,* 16 *Abb.* 146, *and cases cited; Texier* agt. *Gowin,* 5 *Duer,* 389, *G. T.*)

VII. The attachment in the case of *Drury* agt. *Russell* was void, and the jury have decided that it came too late to affect the title of the plaintiff to the note. The action having been commenced by the service of a summons by publication against a non-resident debtor, the attachment could be of no avail until after the last day of publication mentioned in the order. All the papers in that action, too, were properly excluded at the last trial. (*Code,* §§ 99, 137, 237; 3 *R. S. 5th ed, p.* 84, § 38.)

"It is true, service could be made in such a case by publication; but a warrant of attachment would be of little avail in such a case, as it could only be enforced after the last day of publication, which completed such service. (*Code,* § 137; *Knox* agt. *Mason, MSS. June* 15, 1865, *Superior Court, G. T. and cases cited; Fisher* agt. *Curtis,* 2 *Sandf.* 660; *Kerr* agt. *Mount,* 28 *N. Y. R.* 659.)

VIII. The provisions of the Revised Statutes in relation to attachments against non-resident debtors harmonize with the Code. The lien by virtue of an attachment attaches from the time of the actual seizure of the property attached. This note was never levied upon. The summons in *Drury* agt. *Russell* had not been served when the attachment was pretended to be served, to wit., the next day after the attachment was issued. Russell resided in Virginia and Drury in New York. This, too, was fatal. An attachment is one of the provisional remedies of the Code, and the statute must be strictly followed. The rule is the same as it is in relation to serving an injunction. (*Code,* §§ 99, 137, 237, 471, *title* 7, § 178, *&c.; Fraser* agt. *Greenhill,* 3 *Code R.* 172; *Hurlbut* agt. *Hope Ins. Co.* 4 *How.* 275, *see p.* 27 8; *Moore* agt. *Thayer,* 6 *How.* 47, *G. T.; Tomlinson* agt. *Van Vechten,* 6 *How.* 199, *G. T.; Burkhardt* agt. *Sandford,* 7 *How.* 329, *see p.* 336; *Learned* agt. *Vandenburgh,* 7 *How.* 379; *affirmed,* 8 *How.* 77; *Furman* agt. *Walter,* 13 *How.* 348; *Lawrence* agt. *Bank Republic,* 31 *How.* 502, *see p.* 504, *Court of Appeals; Yale* agt. *Matthews,* 20 *How.* 430, *G. T.; Gould* agt. *Bryan,* 3 *Bosw.* 626, *G. T.; Leffingwell* agt. *Chave,* 5 *Bosw.* 703; *Abrahams* agt. *Mitchell,* 8 *Abb.* 123; *Butler* agt. *Tomlinson,* 15 *Abb.* 88, *G. T.; Morgan* agt. *Avery,* 7 *Barb.* 656; *In re Aaron Griswold,* 13 *Barb.* 412, *G. T.; Parker* agt. *Smith,* 2 *Livingston's Law Magazine,* 770; *Hoffman on Provisional Remedies,* 436; *Kerr* agt. *Mount,* 28 *N. Y. R.* 659.)

IX. The property which can be levied upon by virtue of an attachment means such as is defined by the Code. A promissory note is a chose in action, and cannot be levied upon (unless it is seized and carried away), because it is capable of manual delivery. The indorsement of the note operated as an assignment, and therefore the note should have been seized, or else a certificate demanded; but nothing of the kind was attempted. (*Code,* §§ 231, 232, 234, 235, 463, 464; *Loftus* agt. *Clark,* 1 *Hilt.* 310, *G. T.; Ransom* agt. *Miner,* 3 *Sandf.* 692, *G. T.; Marsh* agt. *Backus,* 16 *Barb.* 483, *G. T.; Insurance Co.* agt. *Railroad Co.* 41 *Barb.* 9, *G. T.; Wilson* agt. *Little* 2 *Comst. on p.* 447; *The Dry Dock Bank* agt. *Life Ins. Co.* 3 *Comst.* 344.)

X. No appraisers were appointed or inventory filed, or certificate was asked for or furnished. Their omission is fatal, and the question can be raised at any time by any one sought to be affected by the attachment. The affidavits upon which the attachment was granted, the undertaking and affidavits of justification, and notice

Wheeler agt. Ruckman.

of the attachment, in *Drury* agt. *Russell*, are entirely omitted from the appeal book, and therefore the papers cannot be noticed by the court on appeal. The appeal book does not show the grounds upon which the attachment was issued. (*Code,* §§ 232, 236, 194, 471; 3 *R. S. 5th ed. p.* 80, §§ 7 *to* 11 *inclusive; Van Alstyne* agt. *Erwine,* 1 *Kern.* 331; *Lyman* agt. *Cartwright,* 3 *E. D. Smith,* 117, *G. T.; Evertson* agt. *Thomas,* 5 *How.* 45; *Ransom* agt. *Halcott,* 9 *How.* 119, *G. T.; Hoffman on Provisional Remedies,* 426, 427, 456, 457.)

XI. The note passed to the plaintiff by indorsement, delivery and sale, more than twenty days before the attachment was issued, and therefore, even if it was valid, it could not affect the plaintiff's title to the note. This fact, too, was passed upon by the jury. (3 *R. S. 5th ed. p.* 84, § 38; *Farmers' and Mechanics' Bank* agt. *Wadsworth,* 2 *A. Law Register, p.* 121; *Gould* agt. *Ellery,* 39 *Barb.* 163, *G. T.*)

XII. The plaintiff being the owner of the note, and Russell (the payee) having no property in this state when the attachment was issued, the judgment in *Drury* agt. *Russell* is void, and also the assignment from Russell to the plaintiff were properly excluded by the court, because the plaintiff makes title at a date prior to either of them. This, too, was passed upon by the jury. (*Code,* § 132; *Force* agt. *Gower,* 23 *How.* 194, *G. T.; Fiske* agt. *Anderson,* 12 *Abb.* 8, *G. T.; Skinner* agt. *Stuart,* 15 *Abb.* 391, *G. T.; McKay* agt. *Harrower,* 27 *Barb.* 463, *G. T.; Hall* agt. *Stryker,* 29 *Barb.* 105, *G. T.;* 27 *N. Y. R.* 596; *Siebert* agt. *The Erie Railway Co.* 49 *Barb.* 583; *Lomer* agt. *Meeker,* 25 *N. Y. R. on p.* 363.)

XIII. "Declaring a note to be good to one about to purchase it, or standing by in silence when it is transferred for consideration, is an estoppel *in pais* against a debtor." (2 *Parsons on Contracs,* 340, 793, *5th ed.; Watson* agt. *McLaren,* 19 *Wend.* 557; *Foster* agt. *Newland,* 21 *Wend.* 94; *Rider* agt. *Union I. R. Co.* 4 *Bosw.* 169, *G. T.; Ryerss* agt. *Farwell,* 9 *Barb.* 615, *G. T.; Cardwell* agt. *Hicks,* 27 *Barb.* 458, *G. T.; Hawley* agt. *Griswold,* 42 *Barb.* 18, *G. T.; Brookman* agt. *Metcalf,* 34 *How.* 429, *Superior Court, G. T.*)

XIV. The dismissal of the complaint by Judge WOODRUFF (June 13, 1856), and the judgment for costs entered thereon, was no bar to a recovery here. His honor who presided at the last trial charged the jury correctly in this and all other respects. No error was committed in ruling out the judgment roll and case, and other papers, in *Wheeler* agt. *Lake & Ruckman,* or any other matter of defense. If his honor had ruled otherwise, he would have committed the same errors which were committed at the fourth trial, and for which errors in his ruling a new trial was granted (December 5, 1863) to the present respondent. No error was committed by his honor in charging the jury as he did, or in declining to charge them as requested by counsel for the appellant; and the cause having been tried the last time in accordance with the instructions and decisions sent down from the general term, the judgment entered upon the verdict must now be affirmed, with costs. (2 *Cowen & Hill's Notes,* 804 *to* 810, 971; 4 *Phillips' Evidence, C. and H. notes, part* 2, *pp.* 13, 40, 839, 840; *Harrison* agt. *Ward,* 2 *Duer,* 50, *G. T.; McKnight* agt. *Dunlop,* 4 *Barb.* 36; *Hotchkiss* agt. *Hodge,* 38 *Barb.* 117, *G. T.; Coit* agt. *Bland,* 22 *How.* 2, *G. T.; Dexter* agt. *Clark,* 22 *How.* 289, *G. T.; Wilcox* agt. *Lee,* 26 *How.* 418, *G. T.; Holbrook* agt. *U. and S. Railroad Co.* 2 *Kern.* 236, *see pp.* 244–5; *Audubon* agt. *Ex. Ins. Co.* 27 *N. Y. R.* 216; *Rider* agt. *Union I. R. Co.* 28 *N. Y. R.* 379; *Kerr* agt. *Rays,* 35 *N. Y. R.* 331; *Fay* agt. *O'Niel,* 36 *N. Y. R. p.* 11; *Williams* agt. *Birch,* 6 *Bosw.* 299; *People* agt. *Vilas,* 3 *Abb. N. S.* 252, *Court of Appeals; Wheeler* agt. *Ruckman,* 2 *Abb. N. S.* 186, *G. T.*)

ROBERTSON, Ch. J. The counsel for the defendant moved,

on the trial of the issues of fact in this action, to dismiss the complaint, upon the ground that the former action in this court, mentioned in the answer, was a bar to this action, which the court refused, and an exception was taken by him to such refusal. He also requested the presiding judge to charge the jury that the plaintiff bought this note for prosecution, being a practicing attorney, and therefore could not recover upon it, which the judge refused and the counsel excepted. The presiding judge charged the jury that neither the judgment in the former action between the same parties, in this court, nor that in the action in the marine court, brought in the name of Russell, were bars to this action; to which instructions the defendant's counsel excepted. These are all the exceptions in the case upon the merits. The judgment in the former action in this court was no bar, because the complaint in it was merely dismissed, and the issues were never tried or a verdict of the jury given. (*Dexter* agt. *Clarke*, 22 *How.* 289; *Seaman* agt. *Ward*, 1 *Hilt.* 52; *People* agt. *Vilas*, 3 *Abb. N. S.* 252; *Coit* agt. *Beard*, 33 *Barb.* 357; *Coit* agt. *Bland*, 22 *How.* 2; *S. C.* 12 *Abb.* 462.) The judgment in the marine court was also no bar, because it was a dismissal of the complaint for want of parties, and not on the merits.

The reversal seems to have had no other effect than to give the plaintiff in it costs, as it was never tried again. (*Anon.* 9 *Wend.* 503.) This judgment was also not set up in the answer as any defense; nor was any such defense set up therein as to the purchase by the plaintiff of such note for prosecution, although it had been in the former action in this court; so that no such defense was admissible on the trial. Besides, there was not enough evidence in the case to sustain a charge of a purchase for such purpose, if it had been set up as a defense.

The written agreement of the 3d of February, 1854, did not constitute a purchase of the note in question; the parol agreement of the 4th made it only partly one, and the plain-

tiff was already employed to sue upon it. The assignment in December, 1854, was executed after the termination of the action in the marine court, and its objects and occasion fully explained.

The following questions were excluded on the trial; to whose exclusion the counsel for the defendant excepted:

1st. "Did you draw the complaint in this case?"

This was put to the plaintiff, in reference to the action in the marine court, brought in the name of Russell.

2d. "Did you not also on that trial claim that Robert P. Russell was the owner of the note?"

This also referred to the trial in the marine court.

3d. "Had you ever commenced any other suit for Robert P. Russell, prior to this note being left with you?"

None of the information sought by these questions was material. In fact, the first was answered by the plaintiff, testifying subsequently, that his brother drew *the complaint* inquired about, and he did not. In reference to the second, he stated that he employed counsel on such trial. Nor do I see that his claiming on the trial that Russoll was the owner of the note, was more important than his acting as attorney in the suit in which he claimed it. That question was disposed of by this court when this case was before it formerly. (1 *Robt. R.* 408.) The fact of commencing or not commencing some other suit for Russell, before the note was left by him with the plaintiff, was wholly irrelevant.

The following question was put to the plaintiff, and its admission excepted to:

Q. "Did you ever at any time, in substance, make any claim to this note, other than that you became the owner on the 4th of February, 1854?"

But the exception became useless, because it was never answered, the plaintiff merely saying, in reply to which no objection was made, that he didn't "think he ever testified to that;" and so it appears by the case.

The defendant's counsel offered a copy of the case, pre-

pared on the appeal from the judgment on a former trial of this action, claimed to be in the handwriting of the plaintiff, which the case before us states, showed an entire different statement by him from that made on the present trial. The fact that the case was in his handwriting can make no difference as to the admissibility of the evidence. The case itself is no evidence of what took place on the trial. (*Neilson* agt. *Columbian Ins. Co.* 1 *Johns. R.* 301.)

These are all the exceptions insisted on upon the argument. The jury passed upon the question of the transfer to the plaintiff on the 3d or 4th of February, 1854 (prior to the attachment in the *Drury* case), because it was expressly submitted to them, and they were directed to find for the defendant, if the note was not then transferred; and this fully defeated any claim under the Drury attachment.

There being no error in the charge or refusal to charge, or the admission or exclusion of testimony, the judgment should be affirmed, with costs.

I concur.—S. Jones.