## UNITED STATES DISTRICT COURT.

FREDERICK A. PLATT, receiver, &c., agt. JOHN H. BROACH, and others.

A *U. S. Revenue Stamp* must be affixed to a promissory note, or other written instrument, *at the time it is issued*, in accordance with the act of congress of 1864, or a certificate produced under the amendatory act of March 3, 1865.

Where it was in evidence that no stamp was on the note, at the time of the issuing thereof, as required by the act of 1864, and the plaintiff did not produce the certificate required by the act of March 3, 1865, before it was offered in evidence; although the note was produced at the trial with a stamp affixed, and canceled but no proof was produced as to when or by whom it was stamped:

*Held*, that the defendant was entitled to go to the jury upon the question of fact raised in regard to the stamp. A new trial granted.

*December 14th*, 1868.

THIS action is brought by the receiver of the Farmers and Citizens National Bank, to recover the amount of a promissory note, made and indorsed by the defendants.

It now comes before the court upon a motion for judgment upon a verdict for the plaintiff, which was taken by direction of the court subject to the opinion of the court.

BENEDICT, J. Among the other points taken by the defendant in opposition to the motion is this, that the evidence did not show the note, upon which the suit is brought, to have been stamped as required by the revenue laws; while on the part of the plaintiff it is insisted that inasmuch as the note in evidence bears upon its face the proper stamp, purporting to have been duly canceled on the day of the date of the note, it is to be presumed to have been duly affixed on that day.

There appears to have been some misunderstanding of the evidence given upon this point. As the notes of the trial show the parties to the note, who left it at the bank, swear that the note was not stamped at all when they left it. The president of the bank with whom they left it, says he did

Platt agt. Broach.

not put the stamp on and don't know who did, and the cashier of the bank shows that he did not put the stamp on. There is no evidence as to when the stamp was affixed, or that there were any other persons connected with the bank, than those sworn, who were authorized to stamp notes, or that the cancellation stamp is that of the bank, and the present holder is not asked whether the stamp was upon the note when it came into his hands.

In this position of the evidence, the defendant was entitled to go to the jury upon the question of fact raised in regard to the stamp.

The motion for judgment must therefore be denied and a new trial granted.

The cause will be placed upon the calendar of the present term.