# SUPREME COURT.

## VAUGHAN agt. O'BRIEN.

A *promissory note not stamped* with a U. S., revenue stamp, when made, but the maker authorized the attorney, who held the note, to put on a stamp and cancel it, which the attorney neglected to do until several months thereafter, through inadvertence, and not with any intention to defraud the government: *Held*, that the note was properly stamped.

Where a judgment is rendered on an issue raised in an action by dilatory plea, as a misjoinder of parties it terminates that action, but does not affect the *right of action on the merits*. Consequently, it cannot be pleaded in *bar* in a subsequent action for the same cause of action.

A judgment of *reversal* simply, on appeal, has the same effect as a nonsuit. And if, in a subsequent action between the same parties, the judgment is sought to be set up as a *bar*, the *onus* is on the party setting it up to show that it was an adjudication on the merits, or on the particular ground claimed as a bar.

*Fourth Judicial District, General Term, January,* 1870. *Before* ROSEKRANS, POTTER *and* BOCKES, *Justices.*

THIS is an appeal from a judgment entered on the direction of a referee.

The plaintiff claimed to recover, 1*st* on a promisory note for $211 16, dated November 7, 1867, payable one day day after date; 2*d*, on a due bill for $20, of the same date with the note; and 3*d*, $50 for work, labor and services.

The defendant in his answer claimed and insisted that the note first described, was void because not duly stamped in accordance with the U. S. internal revenue act; also averred payment and set-off; also former suit in bar. On the trial before the referee, evidence was given on all the issues. The referee found that the notes were not invalid for the cause alleged; nor was the action barred by a former adjudication, and having adjusted the matters of accounts between the parties, also determined the payments

and counter claims to be allowed, he awarded judgment in favor of the plaintiff for $132 60, with costs.

As regards the question of stamping the notes; the referee found that no stamp was affixed to either at the time they were made; but that the defendant then authorized his agent, Mr. Wendell, to affix the required amount of stamps, and cancel the stamps pursuant to such authority. He also found that the omission to affix and cancel the stamps occurred through inadvertence or mistake, and without any intent to evade the provisions of the revenue laws, or to defraud the government of stamp duty.

On the question of a former suit in bar of this action, the referee found that there was a former suit by the defendant O'Brien, in justice's court against the plaintiff, Vaughan, and one John O'Brien, wherein the present plaintiff Vaughan, set up in his separate answer as a defense, the claim for work, labor and services referred to in his complaint herein, and denied that he and John O'Brien were jointly interested in the matters of such suit; and that judgment in that suit was rendered on the issue of misjoinder only.

The referee further found on the question of a former suit in bar, that there was also another action between the parties herein, before a justice of the peace, wherein the present plaintiff recovered judgment against the present defendant, for the identical cause of action in which this suit is founded. But that such judgment was reversed by the county court, on appeal taken by the defendant.

A. H. AYRES, *for appellant.*
J. D. WENDEL, *for respondent.*

*By the court,* BOCKES, J.—The appellant's counsel raised two questions on this appeal, 1st, that the notes on which the recovery was allowed, were void, because not stamped pursuant to the provisions of U. S. internal revenue

act; and 2d, that the action was barred by the decision and adjudication on the appeal in the county court.

I. It was made a question of fact before the referee, whether the defendant authorized and directed Mr. Wendell to stamp the papers as the law required. There was a conflict of evidence on this point, and the referee who saw the witnesses and heard them testify, found that such authority and direction were given. Nor can it with any propriety be said after reading the evidence returned on this appeal, that he found incorrectly or against the evidence in that regard. It must, therefore, now stand as a fact well founded in the case, that Mr. Wendell was authorized and directed to affix the proper stamps to the paper, and to cancel them. This he ultimately did do, but not until several months had elapsed. But it is further found on sufficient evidence, that the omission to affix and cancel the stamps during this period, was through inadvertence, and without any intent to evade the provisions of the revenue law, or to defraud the government of stamp duty. Under this state of facts, I am unhesitatingly of the opinion that the papers were properly held to be well stamped and valid against the objections raised. Mr. Wendell testified in substance that the defendant, when the notes were drawn, directed him to get stamps and stamp them; that he had no stamps at the office; that he placed them in his drawer, because some one came in at the time, and he neglected to go to the bank and get the stamps; and after that it was forgotten; and further that he did not neglect to put on the stamps to defraud the government. Had he gone out immediately and procured the stamps, and affixed them to the paper and canceled them, as he was authorized and directed, these proceedings would have been quite unobjectionable. The delay found in this case, occurring through inadvertence, should not change the rights of the parties. Having authorized and directed the act, the defendant should not afterwards be allowed to gainsay

it. But it has been held repeatedly that the omission to affix a proper stamp to an instrument does not avoid it, unless such omission was with intent to evade the provisions of the law. (29 *How.* 29 ; 47 *Barb.*, 187 ; 50 *Barb.*, 302 ; 53 *Barb.*, 382.) It was said in the last case cited, the invalidity of the instrument is made to depend upon the existence of the intent to evade the act. The case of *Platt* agt. *Brush*, (36 *How.*, 188,) principally relied upon by the appellant's counsel, stands very different from the present on the facts. The objection urged that the notes were invalidated because not properly stamped, is not, in my judgment well taken.

II. Was this action barred by the former suit ? It was not barred, certainly by the judgment of the justice rendered on the issue of the misjoinder, not even as to the claim for the work, labor and services. That judgment was rendered on an issue raised by a dilatory plea. It terminated that action, but did not affect the right of action on the merits. As regards the suit, whenever a recovery was had before the justice by the present plaintiff against the present defendant, and for the same causes of action presented in this suit ; the judgment of the justice was reversed by the county court, on appeal taken by the defendant. If reversed on technical grounds, not involving the merits, that prosecution constituted no bar to this second action for the same demands. (4 *Wend.*, 95 ; 8 *Wend.*, 10 ; 3 *Hill*, 322, 328,) otherwise, in case the judgment of reversal was rendered on the ground that the plaintiff had no right of action at all on the merits. In this case, the ground of reversal does not appear. True, it is stated that *one* ground of error alleged in the notice of appeal was the omission to stamp the larger note. But it does not appear that the reversal of the judgment was based on such omission.

All we have before us is, that the judgment of the justice, for some reason not here disclosed, was held to

Vaughan agt. O'Brien.

be erroneous, and was, therefore, reversed, and thereafter to be held for nought. The judgment of reversal does not purport to be a judgment on the merits, as to the claims in litigation. The decision may have been put on the merits. On the other hand, the reversal may bar when placed on technical grounds merely. Now we are asked to infer that the judgment was pronounced on the merits, that is, to infer that the adjudication proceeded on a particular ground, and basing our conclusion on such inference to hold the adjudication conclusive. As I understand the rules, "a particular ground of adjudication can never be inferred and relied upon as conclusive" to bar a right of action. A judgment is no evidence of a matter to be inferred from it by argument. The rule is, that it must clearly and distinctly appear from the record or from proof *aliunde* the record when such proof is admissible that the particular ground urged was considered, and passed upon by the court in the former suit, or the adjudication will not operate as a bar in a subsequent action. The onus of proof too, in such case is on the party who relies upon the adjudication as a bar, (10 *Wend.*, 60–84 ; 8 *Wend.*, 91 ;) and he must make it appear that the precise point was considered and passed upon in the former suit. The case at bar is not brought within these principles.

But judgment here relied on as a bar is one of simple reversal. Its effect in that action was the same as nonsuit. It does not appear that the adjudication was on the merits. For ought that appears before us, the merits were not conclusive—certainly, it does not appear that they were. It lay with the party urging the point clearly and distinctly, to show that fact, and on that subject, either prove the record, or otherwise, we can no more infer that the reversal of the former judgment was on the merits, than on technical grounds in no way involving the merits. So it is laid down in *Cowan and Hill's notes*, that the simple reversal of a judgment proves nothing but its own correctness ; that it

Vaughan agt, O'Brien.

operates no further than to nulify what has been done, and in other respects, the parties are generally left by it in the same situation as to their rights and remedies touching the matter in controversy, as if no such judgment had ever existed (35 *How.*, 350, *and cases cited.*)

We are of the opinion that the record in this case discloses no error, hence the judgment should be affirmed.

Affirmed with costs.