(66 Misc. Rep. 231.)

### SHELLEY v. McLEAN et al.

(Supreme Court, Special Term, Erie County. February, 1910.)

1. INSURANCE (§ 694*)—MUTUAL BENEFIT INSURANCE—RIGHTS OF MEMBERS—RECOURSE OF MEMBERS TO COURTS.

Where the laws of a beneficial association are deficient in stating the rights of a member on trial by the order and the method to be pursued to protect them, the court may intervene, ascertain those rights, and provide for their protection.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1834, 1835; Dec. Dig. § 694.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSURANCE (§ 694*)—BENEFICIAL ASSOCIATIONS—TRIAL OF MEMBER—RIGHT TO NEW TRIAL.

Where, on appeal by an expelled member of a beneficial association to the Grand President, the conviction was reversed for failure of the subordinate lodge to allow counsel to represent the member, the lodge could proceed with a new trial of the charges preferred as a matter of right, irrespective of the direction of new trial, or of the power lodged in the Grand President to make such a direction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1834, 1835; Dec. Dig. § 694.*]

Application by Anna M. Shelley for an injunction against Agnes E. McLean and others. Denied.

White & Fennelly, for the motion.
James F. Driscoll, opposed.

BROWN, J. The constitution of the Ladies Auxiliary to the Brotherhood of Railway Trainmen provided for the trial of a member upon written specified charges by a committee, and the expulsion of a member by the subordinate Lodge upon conviction on such trial, or a dismissal of the charges by a vote of the lodge. Section 67 of such constitution provides:

"Any officer, member or lodge feeling that an injustice has been done her or it in a trial may appeal to the Grand President. * * * The appeal, together with a copy of the charges preferred, testimony offered and verdict rendered shall be forwarded to the Grand President under lodge seal. If the sister or lodge considers that the Grand President's decision is unjust, she may appeal from that decision to the Grand Lodge, whose decision is final. In case of appeal from the decision of Grand President by a lodge or member, notice of same shall be given that officer within thirty days from the date of decision rendered and a certified copy of proceedings must be forwarded under seal of lodge to Grand Secretary and Treasurer, who will present the same to the next meeting of the Grand Lodge."

The parties to this action are members of Buffalo Lodge, No. 314, of such auxiliary; the plaintiff holding a certificate of insurance in the sum of $500, and plaintiff's dues having been paid up to October, 1910. In February, 1909, certain charges were preferred against plaintiff. A trial was held, resulting in her conviction, whereupon the lodge expelled the plaintiff, and her insurance certificate was canceled and forfeited. Thereafter the plaintiff duly appealed from such decision to the Grand President, who after a careful examination of all papers submitted found that Lodge No. 314 had refused to allow the plaintiff counsel, and therefore directed the lodge to give the plaintiff a new trial. In pursuance of such direction, the same charges used in February, 1909, were again served upon plaintiff, a committee composed of the defendants appointed to conduct a new trial on such charges, and January 28, 1910, fixed as the date therefor. On that date a temporary injunction order was served upon the defendants, staying such trial until further order of the court. Application is now made for an order prohibiting such trial during the pendency of this action, upon the ground that it is unjust, unfair, and illegal to compel plaintiff to submit to the hazard of a new trial; that there is no authority in the constitution of the auxiliary for the Grand

President to direct a new trial; that the direction of the Grand President that a new trial be had was in effect a reversal or setting aside of the verdict; and that, if the power to direct a new trial exists, it is confined to the Grand Lodge, and can only be found in the following words of section 5 of the constitution:

"The Grand Lodge has exclusive jurisdiction over all subjects pertaining to the auxiliary, and its enactments and decisions upon all questions are the supreme laws. The Grand Lodge shall hear and determine all matters of controversy which are brought before it by appeal or otherwise."

The plaintiff asserts that, the lodge having omitted to take an appeal from the decision of the Grand President, that decision has become final, and the result is that plaintiff's conviction has been reversed and set aside, the direction for a new trial, being unauthorized, is invalid, and that plaintiff cannot be again tried upon the charges. The difficulty with this contention is that the Grand President did not specifically in terms reverse or set aside the verdict of Lodge No. 314. Such reversal in fact only exists upon the inference to be drawn from the direction of a new trial. If it be true that the direction of a new trial is unauthorized, and illegal, void, and of no effect, does it not necessarily follow that the inference that is drawn from such illegal direction, that the verdict must have been reversed, is also tainted with the same invalidity? How can it be said that the direction for a new trial is void for want of power, and that the reversal of the conviction is valid, when such reversal depends for its existence solely upon the invalid direction for a new trial? If the direction for a new trial was void, the reversal of the conviction must be void.

Such result leads to the conclusion that the conviction of plaintiff has not been reversed, but remains in full force and effect; that the plaintiff is not a member of the order, and has not been since her expulsion. Such a conclusion would be unjust to the plaintiff, and in view of her appeal a course ought to be pursued that would secure for her all the benefits provided by the constitution of the auxiliary. The very purpose of plaintiff's appeal, and urging the technical ground of a denial of right of counsel, would seem to be to get rid of the conviction and secure a new trial. It cannot be asserted that the plaintiff ever expected that, by appealing upon such a technical ground, she could secure immunity from trial upon the merits. No provision in the laws of the order secures such an absolute right to the plaintiff. Where the laws of the auxiliary are deficient in stating what the rights of the plaintiff are and the method to be pursued to protect them, the court may intervene, ascertain those rights, and provide for their protection. The rights of the plaintiff seem to depend upon the question as to whether her conviction has been reversed. Assuming that there has been a valid reversal of plaintiff's conviction by the Grand President, is it necessary for the lodge to prosecute an appeal from such reversal to the Grand Lodge, and secure from the Grand Lodge a direction for a new trial, before the plaintiff can be legally tried upon the charges preferred? No power seems to be specially conferred upon the Grand Lodge or the Grand President to grant a new trial. The right thereto seems to depend

solely upon the authority to decide an appeal. It will not do to say that an authority having power to decide an appeal has no power to grant a new trial, simply because such power is not specifically conferred.

It is elementary that a reversal of a judgment by an appellate tribunal upon a technicality not involving the merits secures to the defendant the right of a new or another trial for the same cause, without any direction on the part of the tribunal for such new trial. Onderdonk v. Ranlett, 3 Hill, 325; Close v. Stuart, 4 Wend. 95; Vaughan v. O'Brien, 57 Barb. 491. It clearly appears that the Grand President disposed of the plaintiff's appeal by directing a new trial upon the technical ground that Lodge No. 314 refused to allow the plaintiff counsel to represent her upon the trial resulting in the conviction appealed from. The merits of the controversy were in no wise passed upon. The plaintiff contends that her conviction has been reversed, with which contention it is easy to fully agree under all the circumstances. Such reversal upon a technicality secures to the lodge a new trial of the charges preferred as a matter of right, irrespective of the direction of a new trial, or of the power lodged in the Grand President to make such a direction.

The application must be denied, and the trial of the plaintiff be permitted to proceed as provided for by the laws of the auxiliary.