# SUPREME COURT.

## JOHN D. SCHERMERHORN, respondent agt. CHARLES BURGESS and others, appellants. ·

It *seems* that where a *U S. revenue stamp* is left off of an instrument by mistake, without any intention to evade the provisions of the acts of congress, not only is the instrument not void, but *it may be read in evidence without any stamp.* (*This is adverse to Beebe* agt. *Hutton*, 47 *Barb.*, 187.)

Where a stamp has been left off of an instrument by mistake, *application to the collector* to *allow* the stamp to be affixed, and to remit the penalty, may be made not only by the person or persons executing the instrument—the makers, but also *by any person having an interest therein,* which in an action upon a promissory note, includes the plaintiff as well as the defendant. (*This is adverse to Myers* agt *Smith*, 48 *Barb.*, 614.)

When the application to the collector is not made by the maker of the instrument, but by another party having an interest therein, as payee or holder of a note or the like, the "*proper district*" in which the application is to be made, is the district *in which the party making the application reside*s, although the maker may reside in another collection district.

*Seventh Judicial District, General Term, September,* 1869. *Present,* E. D. SMITH, DWIGHT *and* JOHNSON, *Justices.*

THIS was an action upon a promissory note made by Charles Burgess and Closson P. Burgess for $3,000, and indorsed by William J. Moses and Elon Sheldon.

The makers appeared and answered by Thomas & Lyon, their attorneys ; the indorsers answered separately, claiming that the note had been altered in its date since its indorsement, whereby they were discharged. The case was tried before Benoni Lee, Esq., sole referee, who reported in favor of the plaintiff against the makers for the full amount of the note, and dismissed the complaint with costs as to the indorsers. The makers appeal.

The makers in their answer set up a defense in no way connected with the question of stamps upon the note, and

abandoned the defense on the trial which they had set up in their answer.

The note when brought into court was stamped with the requisite amount of U. S. internal revenue stamps canceled; but it turned out in evidence that they were placed thereon by direction of the plaintiff, and not the defendants.

The plaintiff, who resides in the 23d collection district, then procured the note to be properly stamped by the collector, and the penalty remitted on the proof being furnished that they were left off inadvertently.

The note was then offered in evidence, and received with indorsements of collector.

The makers claimed the right to amend their answer to set up the defense that the note was not stamped when issued. This was objected to by plaintiff, but allowed by the referee.

The defendants were sworn as witnesses, and made no claim that the stamps were left off with a fraudulent intent.

The referree reported that the stamps were not left off the note with any intent to defraud the Government, or evade the provisions of the law.

THOMAS *and* LYON, *attorneys, and* GEO. F. DANFORTH, *counsel for defendants, appellants.*

A. P. SMITH, *for plaintiff, respondent.*

I. The referee had no right to permit the defendants to set up the new defense, with reference to the stamps, by amendment of the answer upon the trial. The original answers under oath admitted the making of the note, and no issue over the stamps was submitted to the referee for trial. The referee had no right to amend the answer by making a new issue not submitted to him. ( *Woodruff* agt. *Hurson,* 32 *Barb. R.,* 557 ; *Union Bank* agt. *Mott,* 10

Schermerhorn agt. Burgess.

*Abb. Pr. R.*, 372 ; *S. C.*, 18 *How. Pr. R.*, 506 ; *Same case*, 11 *Abb. Pr. R.*, 46 *of opinion, E. D. Smith, J ; Same case*, 19 *How. Pr. R.*, 267 ; *Everett* agt. *Vendryes*, 19 *N. Y. R.*, 439, GRAY. *J. ; Catlin* agt. *Hansen*, 1 *Duer,* 309; *Woodruff* agt. *Dickie*, 31; *How. Pr. R.*, 164, *and cases ; Fagen* agt. *Davison*, 2 *Duer*, 153).

It was not necessary to prove the note nor offer it in evidence, as it was admitted by the pleadings as they existed at the time the order of reference was made. There is, therefore, no question legally before the court.

II. The referee has found as a question of fact that the " stamp was not omitted or left off from said note with the intent to evade the provisions of said act of Congress." The defendants were present when this defense of want of stamps on the note was insisted upon, and both of them were witnesses immedietely after, and yet neither swore that the stamps were left off with any such intent. If a party has it in his power to prove a fact in his favor, and does not, the presumptions are against him as to that fact. (1 *Phil. ev., Cow. and Hill's notes, p.* 602 ; 1 *Stark. ev.*, 34.

Then again, the law abhors and presumes against fraud: (*Fleming* agt. *Slocum*, 18 *Johns.*, 403; *Bank of Silver Creek* agt. *Talcott*, 22 *Barb.*, 561 *of opinion ; Brigham* agt. *Tillinghast*, 15 *Barb.*, 620 *of opinion ; Kellogg* agt. *Slauson*, 1 *Kernan*, 305 *of opinion.*)

The indorser, Moses, swears the stamps were not left off by him with a fraudulent intent, and the decision of the collector in remitting the penalty, raises a presumption that the stamps were not *fraudulently* left off.

Fraud is a question of fact for the jury or referee, and the decision of either upon the question is conclusive. (*Knapp* agt. *Smith*, 27 *N. Y. R.*, 277 ; *Mathews* agt. *Rice*, 31 *N. Y. R.*, 457; *Dygert* agt. *Remerschnider*, 32 *N. Y. R.*, 629 ; *Booth* agt. *Bunce*, 32 *N. Y. R.*, 139.)

The referee was justified in his finding upon this point.

III. Notes and all other contracts are as valid now as

ever without being stamped at all, except where the stamps are left off with intent to evade the provisions of the revenue act. This is the plain provision of the act itself, and all the decisions place this construction upon it. (*Int. Rev. Act*, (1866,) § 158—204 *as issued by Government; Beebe* agt. *Hutton*, 47 *Barb.*, 187; *Vorebeck* agt. *Roe*, 50 *Barb.*, 302; *Desmond* agt. *Morris*, 10 *Allen*. (*Mass.*) *R.*, 250; *Trull* agt. *Moulton*, 12 *Allen R.*, 396.)

An intent to evade the provisions of the law, by omitting the stamps, being necessary to affect the validity of the note, and the referee having found there was no such intent, a question peculiarly within his province—this court should not entertain the question of the validity of this note.

IV. The law only applies to courts of the United States organized by act of congress, and not to state courts over which congress has no jurisdiction. This has been expressly decided in two cases by the supreme court of Massachusetts, just reported. (*Carpenter* agt. *Snelling*, 97 *Massachusetts R.*, 452 *and note*; 73 *Yates*, 73)

The reasoning of those decisions is sound and entitled to consideration, whether considered as *stare decisis* or not.

It was the duty of the defendants to add the stamps, and it does not lie in their mouths to allege their own neglect in avoidance of their own obligation. (*McGovern* agt. *Hoestack*, 53 *Pennsylvania State Reports*, 176.)

V. But if the court should decide the foregoing points against the respondent, and hold that this court will presume fraud, and that the finding of the referee is not conclusive, then we submit that this note was properly stamped.

*a.* The object of the internal revenue act was to obtain revenue for the support of the government, and if the stamp is only upon the instrument when offered in evidence, that is sufficient—the object of the statute has been accom plished. This note had the requisite stamp on before com ing to court. This is held by all the judges in the 6th dis

trict, and they now allow them put on in court at all our circuits.

*b.* The section of the statute referred to authorizes *any person having an interest therein* to take the paper before a collector and procure the same to be stamped, " and the same shall thereupon be deemed and held to be as *valid to all intents aud purposes as if stamped when made or issued."* The collector is made the tribunal which is to pass upon the question of the *bona fides* of the parties in leaving the stamp off, and his decision is conclusive.

If the holder of the note may procure it to be stamped, he may (as in this case) procure it to be done by the collector of *his* district. He is *" the collector of revenue* of the *proper* district " within the provisions of the revenue act. He has jurisdiction of the *" party having an interest therein."*

*c.* Any party holding the note may procure it to be stamped. Were it not that in the 5th district a judge drops the remark that no one but the makers can procure it to be stamped. (48 *Barb.,* 636 *of opinion,*) it would seem that the question was made too plain by the very wording of the statute, to call for any discussion. By a careful analysis of that case it will be seen that it turned upon another question, and what the judge said upon that question was merely *obiter.* To say that nobody but the makers can procure notes to be stamped, is to entirely defeat this provision of the statute. Take the case at bar. Would these defendants, who never thought of the stamp question until it was raised on the trial, procure a $3,000 note to be stamped and rendered valid to save themselves from the penalty of $50 ? The question is itself an answer. We must presume that congress had some object in view in providing against such dishonest defenses as this, and that it was not their intention to say that the men who set up the want of the stamp as a defense, shall be the only men who shall procure a collector to furnish evidence to defeat

that defense. Congress meant just what they said, " that, hereafter, in all cases where the party has not affixed to any instrument the stamp required by law thereon, at the time of making or issuing said instrument, and he or they, *or any party having an interest therein,* shall be subsequently de-sirous of affixing such stamp to said instrument, or, if said instrument be lost, to a copy thereof, he or they shall ap-pear before the collector of revenue of the proper district; * * * *and the same shall thereupon be deemed and held to be as valid to all intents and purposes as if stamped when made or issued.*" (*U. S. Int. Rev. L.,* 1866, *p.* 110, § 204 *issued by Government*).

All the decisions, except the above, are in harmony with the language of this section. (*Beebe* agt. *Hutton,* 47 *Barb.,* 194 *of opinion*; *Vail* agt. *Knapp,* 49 *Barb.,* 299.—(*Feb.* 1867).

In this last case the collector placed the stamp on the mortgages at the request of the *mortgagees, after the prop-erty had been attached,* and the court says: "I am of opinion that if any stamps were required, such mortgages were properly stamped by said collector, and thereby rendered valid and operative in this state against the attaching cred-itor, &c."

In *Vail* agt. *Knapp* the court makes this sensible remark, which commends itself to any legal mind: "*The statute is penal, and should not, even in a doubtful case, receive a con-struction which would invalidate the security.*"

There is no merit in this defense. The defendants by their sworn answer admitted the making of the note. The absence of the stamp was never thought of by any of the parties until mentioned by a witness upon the trial. The note then bore the requisite amount of stamps. It was then restamped by the collector, and penalty remitted by him. The government has not been defrauded, nor has any such intent been shown, though the makers were on the stand. The defense is technical and dishonest, and the courts

should not so construe the act as to aid such defenses beyond the clear intent of the law-making power.

Substantial justice has been done, and a new trial should be denied with costs.

*By the Court,* JOHNSON J. There is no merit in this appeal. The referee has found as a fact that the revenue stamp was not omitted or left off the note in question at the time it was made and delivered, with any intent to evade the provisions of the act of congress on that subject. It was not therefore invalid in its inception by the very terms of the act of congress. (*Sess Laws of 39th congress* 148 *Sched. A. amending* § 158 *of act of June* 13 1864.) The same provision was also contained in the act of 1834, (*Beebe* agt. *Hutton,* 47 *Barb.* 187 ; *Vorebeck* agt. *Roe* 50 *id.* 302) I confess I do not see that any stamp was neccessary upon the note in question, either for the purpose of its being used as evidence upon the trial or otherwise, in view of the express finding of the referee on the subject of the intention of the parties when the note was made and delivered. There can be no presumption of any fraudulent intent against the finding of fact. The note was not " invalid and of no effect," as it is not made so by the act, upon the facts found. It must have been therefore valid and effectual. As I understand the several acts of congress, it is nowhere provided that an instrument, which is not void, shall not be used in evidence by reason of its having no stamp upon it. A different view of this question seems to have been taken however, by the court in (*Beebe* agt. *Hutton, supra.*) The court in that case seems to have been of the opinion that even where an instrument was not invalid by reason of the omission to place the revenue stamp upon it, when executed, it was neccessary that one should be affixed to it to render it competent evidence upon the trial. I do not concur in this view, but it is unneccessary to pass upon the question in this case. Here the revenue stamp had been affixed by the collector of internal revenue, and the

proper indorsment made by him according to the act of congress when the stamp has been affixed by such officer, after the instrument has been made.

The objection taken to this by the defendant's counsel is that the stamp was not affixed by the proper collector.

The makers of the note it appears resided at the time of the making thereof, and still reside in the 24th collection district of the state, while the plaintiff who procured the stamp to be affixed, resided in the 23d collection district, and still resides there.   The stamp was affixed and the indorsement made by the collector of the district in which the plaintiff resided.   Thepoint taken is that the application should have been made to the collector of the district in which the makers resided and where the note was made and delivered.

The act of congress before referred to, provides that where the stamp has been omitted, at the time of making any instrument, the party making it, " or any party having an interest therein," may within a certain time apply to the collector " of the proper district," and have the stamp affixed upon the conditions prescribed.   It is not declared which district is the proper one.   That is left to inference and construction.

I am clearly of the opinion that when the application is not made by the makers of the instrument, but by another party having an interest therein, as payee, or holder of a note, or the like, the proper district in which the application is to be made, is in the district in which the party making it resides, and where the instrument is then held.   It seems to me the collector of such district is the only one who has jurisdiction of the person applying, and of the instrument in his hands.   If this view is correct there is no valid objection to the note either as matter of evidence, or as a valid instrument.

I am aware that it was held in *Myers* agt. *Smith* (48 *Barb.* 614) that the only proper person to appear befote the collector and make the application to have the stamp affixed,

where it has been omitted at the time the instrument was made, was the maker of the instrument; and that where another person interested in such instrument, desired to have the stamp affixed, he must procure the maker to appear before the collector and apply for and procure such stamping or the stamp would be of no effect.

I do not so read the act. The language of the provision seems to me very plain, and to mean and express just the reverse of this interpretation. The provision is that where the party has not affixed the stamp at the time of making or issuing the instrument, " and he or they or any party having an interest therein, shall be subsequently desirous of affixing such stamping to said instrument, *he or they* shall appear before the collector &c."

This clearly refers to the party or parties " desirous of affixing such stamp," whether the maker or the party having an interest other than the maker; *he or they* may appear and have the stamp affixed, by complying with the conditions. The maker might not be desirous of having it affixed, whether the stamp was omitted for the purpose of defrauding the revenue or by accident, mistake or inadvertence. He might prefer to subject himself to the penalty rather than have the instrument validated by the proper stamp. Hence it was highly proper to provide that any party interested in having the instrument or obligation rendered *prima facie* valid, as well as valid in fact, and in law, and " desirous of affixing the stamp, might appear and procure such stamp to be affixed.

This is the fair grammatical construction of the sentence. The antecedent of " he or they," who may appear, is any party previously specified in the sentence who may be desirous of affixing the stamp for any reason. This interpretation is consistent with justice, and fairness to both parties, to an instrument, and I cannot doubt it was what was intended by the act.

The other construction puts it in the power of one party

to a note or other instrument, to practice the greatest injustice against the other, and defeat at will, the most equitable and meritorious obligation.

I do not think we should give a construction which must be productive of such consequences to the acts of any legislative body, where it is fairly susceptible of one quite the reverse. We cannot presume that congress intended to favor the breaking of contracts and non-fulfillment of the pecuniary obligations by the maker with impunity, as a favored class, and we ought not so to interpret their acts, unless constrained by the clearest and most unequivocal expressions of such an intention.

The judgment is right and should be affirmed.