JEROME E. BAKER, Respondent, *v.* WARREN L. BAKER, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

Where a revenue stamp is omitted from a promissory note or other written instrument at the time it is made, by mistake and without intention to evade the revenue laws, the instrument is not by reason of such omission invalid in its inception.

In order to invalidate the instrument, a fraudulent intent must be affirmatively shown, and the burden of proof of such intent is upon the party objecting to the want of a stamp.

The action was brought upon two promissory notes and indebtedness for work and labor. A defence was interposed of the statute of limitations as to first note, and as to second that it was void because of the omission of the parties to stamp it. The cause was tried before a referee, who sustained the defence as to the first note, and ordered judgment for the plaintiff against the defendant for the amount of second note and the claim for work and labor, amounting to $595.72, and judgment was perfected accordingly for $702.97, damages and costs, from which the defendant appealed to this court.

The following leading facts were found by the referee: That on the 30th of March, 1863, defendant made a note in writing, whereby he promised to pay Deborah Baker $500 five years from date. That on the 17th of November, 1869, said Deborah Baker assigned the note to the plaintiff. The referee also made a certain other finding and refusal to find as requested by the defendant's counsel in certain particulars, which

so far as material, are sufficiently stated in the opinion. Exceptions were duly and properly taken to the referee's report. It appeared upon the trial that there was no internal revenue stamp put upon the note by either party at the time it was made, nor at any time afterward, until it was assigned to the plaintiff, when stamps to the amount of thirty cents were put on the *back* of the note next to the *written assignment*, and obliterated by the letters "D. B. Nov. 17th, 1869." These stamps were put on and canceled by the plaintiff in pursuance of the authority given by Deborah Baker, the payee, when the assignment was made, "to put a stamp *on said assignment* and cancel the same." The defendant never authorized any one to put a stamp on the note. There was no other stamp on the note when offered in evidence, and no stamp was put on during the trial. Other evidence was also given on the trial which is also stated in the opinion.

A judgment was entered upon the referee's report in favor of the plaintiff, and the defendant appealed to the General Term of the Supreme Court. The case was submitted upon printed points.

*E. Countryman,* for the appellant and defendant.

*A. Hardy,* for the respondent and plaintiff.

Present—MILLER, P. J., POTTER and BALCOM, J. J.

MILLER, P. J. Although some of the earlier cases hold to the contrary, I understand the law to be well settled, that when a revenue stamp is omitted or left off a promissory note or other written instrument, at the time it is made, by mistake and without any intention to evade the revenue laws, the instrument or note is not by reason of such omission invalid in its inception. (*Schemerhorn* v. *Burgess,* 55 Barb., 422; 38 How., 123; *N. H. & N. Co.* v. *Quintard,* 6 Abb. [N. S.], 128; 37 How., 29; *Vaughan* v. *O'Brien,* 57 Barb., 491.) The rule established has been followed in this department, and I think must be considered as controlling in preference

Baker *v.* Baker.

to the cases relied upon to sustain a different doctrine which are of an earlier date, and which have been questioned. (See 48 Barb., 615 ; 56 id,. 218, bearing directly upon the question and supporting the view expressed. See also *The People* v. *Gates,* 43 N. Y., 40.)

The only remaining question in the case is whether the revenue stamp upon the note, upon which judgment was recovered, was left off with the intent to evade the act of congress. According to the cases, which uphold the doctrine that the stamp must be omitted with the intent to evade the act, the burden of proof is upon the party objecting. The referee has found that there was no such intent, and refused to find that the payee of the note knew that the note required a stamp by law when it was executed. To which finding and refusal to find, exceptions were separately taken. Upon the trial the defendant testified that he told his mother, the payee, that he supposed the note would require a stamp; that she said it need not be stamped; as no one would know it but him, there would be no use of stamping it, and that was the reason it was not stamped. He also told her that there was a fine for not stamping it; and he then assented to the suggestion, that there should be no stamp.

As it does not affirmatively and distinctly appear that the defendant's mother was aware of the law, that the omission, although it subjected her to a fine, might affect the validity of the note, and of the consequences arising from the want of a stamp, or that she had any intention of evading the provisions of the act, I am inclined to think that, under the circumstances existing, it does not necessarily follow that there was an actual intention to defraud the government. Every legal presumption is against a fraudulent intent ; and, unless clearly established by sufficient and satisfactory evidence, it will not be held to exist. The only evidence of it is the testimony of the defendant, who is seeking to avoid the payment of the note upon strict legal grounds.

This evidence must be regarded with some considerable degree of allowance, and is liable at least to criticism. It is

by no means conclusive, and, in fact, inconsistent with the promise, which one of the plaintiffs' witnesses testifies was made by the defendant upon his attention being called to the fact that the note was not stamped, which was that he would see to it and make it all right. The defendant knew what the law demanded and his mother did not; and if he allowed the note to remain unstamped with a fraudulent intent he was guilty of a direct fraud upon his mother. He should have protected her although an interested party; and, considering all the attendant facts and circumstances, and placing the most favorable and reasonable construction upon his own motives, and the intent of his mother, the referee was justified, I think, in finding that his evidence was not to be relied upon, and there was no intent to defraud. It was purely a question of fact; and I see no reason to disturb this conclusion of the referee. The judgment was right and must be affirmed, with costs.

Judgment affirmed.